UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SONYA DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:23-CV-14559 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| SAUK VILLAGE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

    Sonya Douglas is a human-resources professional. R. 1 ¶ 1. As Douglas frames it, she was "employed" to provide "consulting" to Sauk Village in 2020, and entered into one-year contracts. *Id.* ¶¶ 1, 4, 13. In Fall 2022, Douglas reported to Sauk's mayor and to others that tens of thousands of dollars were missing from the village's coffers. *Id.* ¶ 23, 26. According to Douglas, the mayor and the village's Board members retaliated against Douglas for investigating and reporting the theft of funds, and Douglas' employment contract was terminated in April 2023. *Id.* ¶¶ 34, 35, 37.

    Douglas filed this lawsuit, alleging two claims: (1) a state law claim under the Illinois Whistleblower Act, 740 ILCS 174/15(a); and (2) a federal due process claim, 42 U.S.C. § 1983. On review of the partial motion to dismiss the due process claim filed by the individual Defendants Aretha Burns, Arnold Coleman, Sherry Jasinski, Debbie Williams, Gary Bell, and Diane Sapp, R. 19, which was adopted by Sauk Village, R. 20, the motions are granted. The complaint is dismissed without prejudice.

    As currently pleaded, the Defendants are correct that the complaint does not adequately plead a due-process protected property interest. For public employment to qualify as a protected property interest, there must be a legitimate expectation of continued employment amounting to a property right sourced to (as pertinent here) state contract law. *Bounds v. Country Club Hills Sch. Dist. 160*, 64 F.4th 926, 929 (7th Cir. 2023). Here, Douglas's complaint itself alleges that the employment contract was terminable by either side at any time on 30-days' notice. R. 1 ¶ 15 (written

contract); *id.* ¶ 18 (verbal contract adopted the same terms as the written contract).[1] No protected property interest in continued employment can arise out of that contract. The current complaint must be dismissed.

Having said that, the dismissal is without prejudice. Douglas has not had a chance to amend the complaint yet, and perhaps there are allegations that she can add to shore up the property interest (though she also should consider whether it makes sense to just pursue the state law claim in state court). If Douglas wishes to file an amended complaint, then it is due on October 21, 2024. If no amended complaint is filed on by the deadline, then the federal law claim will be dismissed with prejudice, and the Court will relinquish jurisdiction over the state claim. The tracking status hearing of October 25, 2024, remains in place (though no appearance is required).

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 30, 2024

---

[1] The defense also argues that even if Douglas had a protected property interest arising out of the employment contract, there is no due process violation so long as the State provides for a post-deprivation hearing in the form of a breach of contract claim in state court. R. 19 at 4; R. 30 at 4. This is not a matter of requiring exhaustion of remedies, as Douglas contends, R. 26 at 6—outside of prisoner litigation, exhaustion is generally not required to bring a § 1983 action. Instead, the defense argument is that a required *element* of a due process claim is that the afforded process was insufficient, and that courts must take into account post-deprivation process. That is right—as far is it goes. But in public-employment *termination* cases—the most intense form of employment-based interest there can be—a post-deprivation state court breach-of-contract remedy is generally *not* sufficient if there is minimal or zero pre-deprivation process. *Baird v. Board of Educ. for Warren Comm. Sch. Dist. 205*, 389 F.3d 685, 693–94 (7th Cir. 2004).