### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SONYA DOUGLAS,

        Plaintiff,

        v.

SAUK VILLAGE, ILLINOIS, ARETHA
BURNS, in her individual capacity, AR-
NOLD COLEMAN, in his individual capac-
ity, SHERRY JASINSKI, in her individual
capacity, DEBBIE WILLIAMS, in her indi-
vidual capacity, GARY BELL, in his individ-
ual capacity, and DIANE SAPP, in her indi-
vidual capacity,

        Defendants.

No. 1:23-CV-14559

Judge Edmond E. Chang

### ORDER

Sonya Douglas, a human-resources professional, sued Sauk Village for wrong-fully terminating her employment. R. 1, Compl. ¶ 1. According to Douglas, she worked for the Village as a consultant employed via a series of one-year contracts beginning in June 2020, but all that ended prematurely with her firing in April 2023. *Id.* ¶ 4. Douglas originally alleged that her contracts all contained language permitting termination with 30 days' notice, *id.* ¶ 15, so this Court dismissed without prejudice her complaint because she did not plead facts to suggest that she had a protected property interest required to allege a due-process violation, R. 43, Order at 1–2.

Douglas has since amended her complaint, and she somewhat clarifies that, although her first contract was at-will in nature, she received a new series of one-year contracts from the Mayor beginning June 2021 that protected her from termination "without a justifiable reason and a hearing." R. 50, Am. Compl. ¶¶ 16, 18. The Mayor offered her these contracts orally, and she alleges that the Mayor represented that the contracts would be valid without approval by the Board of Trustees. *Id.* ¶ 17. She adds, however, that the Board "authorized a pay increase for Plaintiff in 2022." *Id.* ¶ 23. Her lawsuit maintains two claims: (1) a state law claim under the Illinois

Whistleblower Act, 740 ILCS 174/15(a); and (2) a federal claim under 42 U.S.C. § 1983 for a due-process violation. *Id.* ¶¶ 24–57.

The individual Defendants move to dismiss Douglas's amended complaint, R. 60, Defs.' Mot., and the Village eventually joined the motion, R. 93, 06/11/25 Minute Entry. The Defendants contend that Douglas fails to allege that the Board approved the new contracts entitling her to just-cause employment, and they argue that, without Board approval, her later employment contracts were void under state law— and thus, again, undermining any viable protected property interest. Defs.' Mot. at 2–5; 65 ILCS 5/8-1-7 (requiring municipality's corporate authority to make appropriation for contract to be valid); 65 ILCS 5/3.1-40-40 (requiring majority concurrence of city-council members to make appropriation). On review of the Defendants' motion to dismiss, the motion is granted, and the Amended Complaint is dismissed without prejudice so that Douglas may have one final opportunity to amend.

Because Douglas alleges that the Board increased her pay "in 2022," Am. Compl. ¶ 23, it is at least possible that she is alleging that the Board formally approved her contract for the period from June 2022 to June 2023, which was the contract in effect at the time her employment was terminated, *see also* R. 70, Pl.'s Resp. at 8. If that is what Douglas means to say, then she has plausibly alleged that she was employed pursuant to a valid contract that the Board approved at the time that she was fired. But because Douglas also alleges, in a potential contradiction, that the Mayor "informed Plaintiff that it was not necessary … for the contract to be approved by the Board," Am. Compl. ¶ 17, the conflicting allegations impair the Court's ability to assess the plausibility of her pleadings. *See Atkins v. City of Chicago*, 631 F.3d 823, 831–32 (7th Cir. 2011) (explaining that courts accept factual allegations as true unless "fantastic, or contradicted in the complaint itself").

Douglas may have one more opportunity to amend her complaint to clarify her allegations. The Court notes, however, that even if she alleges that the pay increase was for the more specific June 2022 to June 2023 period, and even if she alleges that the Board formally approved the contract, the Court expects that the Board's corresponding approval of her one-year employment contract would be clear from public records. So if Douglas survives another motion to dismiss (or if none is filed), then the Court expects to start discovery on that point and may consider an early motion for summary judgment depending on what is uncovered. With that in mind, if Douglas wishes to file a second amended complaint, then it is due on October 15, 2025. If no amended complaint is filed by the deadline, then the federal law claim will be

dismissed with prejudice, and the Court will relinquish jurisdiction over the state law claim.

ENTERED:


_____s/Edmond E. Chang_____
Honorable Edmond E. Chang
United States District Judge

DATE: September 29, 2025

3